Dear Representative Copeland:
This responds to your request for an opinion concerning the following question:
 Do the provisions of § 148.390.1, RSMo 1978, excluding from the gross amount of premiums all premiums received from policies or contracts issued in connection with an annuity under the Missouri deferred compensation program apply to the premiums for the fixed and variable annuities under that program?
Additionally, you state in your opinion request the following:
 Recently, it came to my attention that there may be some question as to whether premiums for the annuities under the Missouri deferred compensation program are subject to a premium tax. Section 148.390, RSMo 1978, seems to indicate that wherein the United States Internal Revenue Code was amended in connection with the funding of a pension, annuity, profit-sharing plan, or individual retirement annuity that the premium from the annuities thereunder are not subject to a direct premium tax. Numerous state employees participate in the fixed and variable annuity contracts under the Missouri deferred compensation program.
Section 148.390.1, RSMo 1978, says:
 1. Every insurer, in computing the premium tax, shall exclude from the gross amount of premiums all premiums received from policies or contracts, issued in connection with the funding of a pension, annuity, profit-sharing plan or individual retirement annuity, qualified or exempt under sections 401, 403, 404, 408 or 501 of the United States Internal Revenue Code as now or hereafter amended, and may deduct from the gross amount of taxable income in addition to other authorized credits, canceled and return premiums actually paid or credited, all life insurance dividends paid or credited and all fire, casualty and other insurance dividends including unused portion of premium deposits paid or credited; provided, title insurance companies may receive credit for the percentage of deductions designated in section 148.400 that title insurance premium bears to the total operations income. (Emphasis added)
We believe that the general rules of construction apply to this statute. It is our function to determine the intent of the legislature from the plain language in the statute. State exrel. State Highway Commission v. Wiggins, 454 S.W.2d 899 (Mo. Banc 1970). Taxing statutes are construed narrowly in favor of the taxpayer.Missouri Pacific Railroad Company v. Campbell, 502 S.W.2d 354
(Mo. 1973). Additionally, the concept expressed in § 148.390
must be considered. That concept is to benefit a participant who is insured under a policy or contract issued in connection with the funding of a pension, annuity, profit-sharing, or individual retirement annuity, qualified or exempt under the United States Internal Revenue Code. The purpose and object of a statute must always be considered. State ex rel. Missouri Power Light v.Riley, 546 S.W.2d 792 (Mo.App., K.C.D. 1977). Obviously, the legislature contemplated that the United States Internal Revenue Code would have section changes. It appears to us that the language "as now or hereafter amended" applies to the individual sections mentioned in § 148.390 which have been effectively amended in that § 457 of the United States Internal Revenue Code is an addition to those sections previously enumerated since it is of the same kind and class of exemption.
Deferred compensation falls within § 457 of the United States Internal Revenue Code. Section 457 was enacted in 1978. It is not specifically mentioned in § 148.390. It was enacted after § 148.390. The Missouri deferred compensation plan provides for annuities which are within the provisions of § 457 and the plan has federal approval. We believe that the Missouri legislature intended that the amendments referred to in § 148.390 include amendments to the enumerated sections of the United States Internal Revenue Code by enactment of the provisions of law applicable to pensions, annuities, profit-sharing plans, or individual retirement annuities. Thus, the proper interpretation is not to tax premiums on such annuities.
CONCLUSION
It is the opinion of this office that premiums received by an insurer under a policy or contract issued in connection with qualified or exempt annuities under the Missouri deferred compensation program are excluded from the premium tax under the provisions of § 148.390, RSMo 1978.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Terry C. Allen.
Yours very truly,
 JOHN ASHCROFT Attorney General